## McCambridge Estate

*Eastburn & Gray,* for accountant.

SATTERTHWAITE, P. J., September 23, 1966.—Subsequent to the filing of the adjudication in the above-captioned estate, it was brought to the attention of the auditing judge that the petition for adjudication had inadvertently contained an erroneous scheme of proposed distribution, in that the impact of Pennsylvania

transfer inheritance taxes would have been improperly charged thereby against certain tax-exempt charitable beneficiaries. The auditing judge, therefore, of his own motion, hereby files a supplemental adjudication to correct the error. Due process and opportunity for affected parties to be heard relative thereto will be provided by the serving of copies of the schedule of distribution hereinafter directed to be filed by accountant and the right to file exceptions thereto under rules of this court.

Decedent's will left her entire estate, after payment of expenses of her last illness and funeral, in specified percentages to named individuals and certain charitable organizations, the latter of which qualified for tax-exempt status under section 302 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 PS §2485-302. Accountant had paid the taxes due after excluding from the net estate the shares attributable to the charities, and the principal account balance for distribution, of course, represented the net estate after such payment. The petition for adjudication proposed, and by approval thereof in the adjudication the auditing judge implicitly concurred, that this balance be awarded in the percentages specified by the will without any adjustment to charge the inheritance tax solely to the shares of the individual beneficiaries. In this, both accountant and the auditing judge erred.

Since no contrary intention is expressed by the will, and since the inheritance taxes paid were solely attributable to property constituting part of the residuary estate and passing to the non-exempt individual beneficiaries, the situation is governed by subsection (c) and is excluded from subsection (a) of section 718 of the Inheritance and Estate Tax Act of 1961, as amended by the Act of July 26, 1963, P. L. 325, 72 PS §2485-718. Accordingly, ultimate liability for the entire amount of inheritance taxes paid by accountant should rest solely upon, and should be chargeable exclusively

to and proportionately among, the distributive shares of such individual beneficiaries, in complete exoneration of the shares of the exempt charities. Compare Johnson Estate, 29 D. & C. 2d 495, 13 Fiduc. Rep. 34, which apparently occasioned the clarifying 1963 amendment to section 718.

Accountant shall prepare, file and serve copies of a schedule of distribution to implement the within supplemental adjudication.

And now, September 23, 1966, the within supplemental adjudication is directed to be filed and is hereby confirmed nisi. The same, as well as the original adjudication, shall be confirmed absolutely as of course by the clerk if no exceptions be filed thereto within 10 days from this date, without prejudice, however, to the right of the parties to file exceptions to the schedule of distribution herein directed to be filed, within the time prescribed by the rules of this court, and such exceptions may raise such objections as the parties may have, if any, to the allocation of inheritance taxes herein directed.